Donnie ROSE, Plaintiff,

v.

**JAMES RIVER PAPER COMPANY, Defendant.**

**No. 3:96 CV 1255(GLG).**

United States District Court, D. Connecticut.

May 7, 1999.

Thomas E. Mangines, Brian A. Mangines, Francis D. Burke, Mangines & Mangines, Bridgeport, CT, for Plaintiff.

Peter M. Wendzel, Stephen B. Harris, Wiggin & Dana, Hartford, CT, for Defendant.

## MEMORANDUM DECISION

GOETTEL, District Judge.

Defendant moves in limine to bar the introduction of certain types of evidence which it believes the plaintiff will. offer at trial. In response the plaintiff has agreed not to offer certain evidence but there are a number of other items still in dispute.

### THE COMPANY'S TERMINATION POLICIES

The first possible item in dispute concerns the defendant's published policies concerning termination of employees. Defendant argues that plaintiff wants to offer this as a way of reviving his claim that he had a contractual relationship to the defendant which prohibited him from being discharged except for cause. The court has already ruled against the plaintiff on that subject. It does not follow, however, that the plaintiff may not offer the defendant's published policies concerning terminations since, if the jury concludes that the policies were not followed, it may raise an inference that the termination was improper for other reasons asserted by plaintiff. We will not allow the plaintiff to argue or to introduce evidence supporting the claim that defendant must show good cause to sustain a termination. However, we will not prohibit introduction of the company's policies subject to an appropriate limiting instruction.

### EARLIER DEMOTIONS

The plaintiff was demoted twice in the few years prior to his termination. The defendant acknowledges that his demotions have an evidentiary aspect in this case because, *inter alia*, they could be probative of whether he was capable to assume another position in the company at the time his position was eliminated.

The reason why the matter of earlier demotions is critical to the case is that plaintiff claims that there was a policy of giving the terminated employees the ability to take other jobs in other portions of the company perhaps even in other places and that he told his supervisor that he would take any job in the company at any level including a transfer if necessary to stay employed and maintain his benefits until he reached retirement age. He was told that there was nothing available to him and that he had to leave. The earlier demotions can support the defendant's position in that regard. On the other hand, the jury may conclude that the earlier demotions were not warranted and reach the opposite conclusion. Defendant nevertheless argues that the evidence should not be allowed because there is no basis for making a claim relating to the demotions since no administrative complaints were ever filed in that regard and that the jury should not be allowed to award him damages based on his pre-termination salary. That may be true but the evidence has some relevance and admissibility and will be allowed, subject again to the Court's limiting instructions when offered, and in

the charge, concerning the uses that may be made of it. While we agree with defendant that there has been inadequate evidence of a continuing violation to allow the demotions to be considered as part of the present claim, it does not follow that these events, which have an evidentiary impact on the case and are certainly part of plaintiff's employment record, can be entirely omitted. If plaintiff can prove that the demotions and lower performance evaluations were part of the termination process the evidence would be relevant to plaintiff's claims. *See Cronin v. Aetna Life Ins. Co.,* 46 F.3d 196, 204 (2d Cir.1995).

## TESTIMONY BY OTHER FORMER EMPLOYEES CONCERNING DISCRIMINATION AGAINST THEM

The plaintiff apparently intends to offer affidavits from other terminated employees as well as live testimony and deposition testimony from those persons. Initially we note that there is no basis for admission of affidavits. They are clearly hearsay and there is no opportunity to cross examine. However, live or deposition testimony is another thing.

With respect to factual testimony defendant argues that it should not be allowed because none of the proposed witnesses were discharged by the same person who made the decision as to plaintiff, that they were in different departments with different functions, holding different job duties and responsibilities with different supervisors. In addition, defendant argues that there was no central decision maker and the decision makers did not consult with each other. In addition, certain of the witnesses were discharged at different times and worked at other facilities in different parts of the country.

Clearly the plaintiff cannot offer the testimony of such distinct and remote persons as establishing that the plaintiff's termination was discriminatory unless the testimony of such persons is addressed directly to the plaintiff's situation (which appears unlikely) or can be put forth as establishing an overall company policy with respect to age which involved not only them but also the plaintiff. If they possess such evidence, it could be taken as a partial proof of the company's policies adverse to the aged. *Stern v. Trustees of Columbia University,* 131 F.3d 305, 313 (2d Cir. 1997). Since we do not know the full scope of the proffered testimony from other persons we cannot at the present time rule that none of it is admissible. However, prior to hearing the witnesses we will request outside of the presence of the jury an offer of proof concerning their testimony.

## PLAINTIFF'S "STATISTICAL" EVIDENCE

■ Defendant vigorously opposes allowing the plaintiff to put in evidence some simple statistics created by the defendant itself indicating that at the location where the plaintiff was employed in 1993 of the forty persons whose positions were discontinued the number of persons over forty were twice that of their percentage in the total employment population. We note that that simple statistic does not show a significant disparity by itself. However, it is one piece of evidence which, with other evidence, could establish a company wide policy of age discrimination.

Defendant points out that the plaintiff is not prepared to offer a statistician to support his claim. We have earlier ruled that a statistician is not necessary to offer these simple statistics created by the defendant. *See* opinion of May 4, 1998, pg. 14, FN. 8.

Defendant relies heavily on the recent Second Circuit decision in *Hollander v. American Cyanamid Co.,* 172 F.3d 192 (2d Cir.1999). That decision held, on the merits with respect to a summary judgment decision, that an inadequate regression analysis of terminations does not establish evidence of discrimination. The Court held that the inference of discrimination cannot be based solely on the basis of raw

numbers without an attempt to account for other causes of any apparent age anomaly. That is unquestionably true but it does not mean that the simple basic statistics are themselves inadmissible providing that the Court direct the jury both at the time of their offering and again in its charge that those figures alone cannot be taken to establish a pattern of age based discrimination.

## CONCLUSION

The trial of this case will involve a number of evidentiary issues of very sophisticated consideration. The possibility of the jury being misled is no doubt present. We will do our best at trial to keep the appropriate considerations of the evidence admitted before the jury and not allow improper speculation to occur, although we acknowledge limitations upon the ability of the Court to achieve that end.[1]

1. The notion that the jurors listen carefully to the Court's instructions on legal matters and base their decision solely upon what the Court allows is of course an illusion. In these employment discrimination cases the jury's central consideration is whether they agree with the employment decision made by the employer. If they do not, they will often find that whatever type of discrimination is claimed was the underlying reason. In many instances the jury, which is composed of mainly employees with very few employers, if any, will find for the employee. This is undoubtedly a problem in employment discrimination cases but it is not one for the Courts to remedy. It is rather one for Congress and Congress has shown no inclination whatever to cut back on the claims of employees.